UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EXO Opportunity Fund, LLC, a Delaware limited liability company; Galapagos Marketing, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Evolution Enterprises, LLC, a Nevada limited liability company; Evolution Travel, LLC, a Nevada limited liability company, on its own and as an alter ego of Evolution Enterprises LLC; Gemini Management Group, LLC, a Nevada limited liability company; David McCovy, an individual,<br><br>Defendants. | Case No. 2:22-cv-01613-JAD-DJA<br><br>**Report and Recommendation** |

On October 4, 2023, the Court entered an order requiring Plaintiffs EXO Opportunity Fund, LLC and Galapagos Marketing, LLC to show cause why the Court should not recommend dismissal for Plaintiffs' failure to comply with the Court's prior order requiring them to retain counsel. (ECF No. 21); *see Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) (explaining that corporations must be represented by counsel). In that order, the Court gave Plaintiffs until November 3, 2023 to update their contact information and file a response to the order. (*Id.*). That order also informed Plaintiffs that "[f]ailure to comply with this order may result in a recommendation of dismissal to the district judge." (*Id.*). To date, Plaintiffs have not filed a response to the Court's order or updated their addresses.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiffs have not responded to two Court orders and taken no action in this case since April of 2023, the Court recommends dismissal of Plaintiffs' case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiffs' failure to further participate in this lawsuit impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiffs' failure to prosecute their own action, to retain counsel, and to update their contact information. The third factor weighs in favor of dismissal because the longer this case is carried on, the more witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiffs, but does not outweigh the other factors. Fifth, the Court has no less drastic sanctions when it has received no communications from Plaintiffs. Given Plaintiffs' failure to get in touch with the Court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiffs have apparently abandoned their case. The fifth factor thus weighs in favor of dismissal.

**IT IS THEREFORE RECOMMENDED** that this case be **dismissed without prejudice.**

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 4, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE